IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| QUINTIN JOHN D'AGIRBAUD, III, A-0265488 | ) ) ) | CIV. NO. 06-00205 HG-BMK |
| Petitioner, | ) ) | AMENDED FINDINGS AND RECOMMENDATION TO GRANT |
| vs. | ) ) ) | PETITION FOR WRIT OF HABEAS CORPUS |
| MARK J. BENNETT, Attorney General, State of Hawaii, et al., | ) ) ) | |
| Respondents. | ) ) | |
| _____ | ) | |

## AMENDED FINDINGS AND RECOMMENDATION TO GRANT
## PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Quintin John D'Agirbaud, III's ("Petitioner")

petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The Petition

was referred to this Court pursuant to Local Rule 72.5 of the Local Rules of the

United States District Court for the District of Hawaii ("Local Rules") and 28

U.S.C. § 636(a).  Upon careful consideration of the Petition, the Answer, and the

Reply, the Court FINDS AND RECOMMENDS that the Petition be GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner challenges the extended sentence imposed upon him by the Circuit

Court of the First Circuit, State of Hawaii, which was affirmed by the Hawaii

Intermediate Court of Appeals ("ICA"), arguing that this extended sentence

violates clearly established Supreme Court law set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000).

On May 7, 2003, in Cr. No. 02-1-0939, a jury convicted Petitioner of three counts of second degree forgery, in violation of Hawaii Revised Statute ("Haw. Rev. Stat.") § 708-852 and one count of second degree theft, in violation of Haw. Rev. Stat. § 708-831(1)(b). Petitioner was also convicted in Cr. No. 02-1-1336 of two counts of second degree forgery, and one count of second degree theft. Finally, Petitioner was convicted in Cr. No. 02-1-1158 of one count of second degree forgery. These offenses are class-C felonies under Hawaii state law which carry five year terms of imprisonment each. Haw. Rev. Stat. Ann. § 706-660(2) (West, Westlaw Current through 2005 Legislation).

The State moved for extended terms of imprisonment on all eight offenses, arguing that Petitioner was a "persistent offender" and a "multiple offender" under Haw. Rev. Stat. § 706-662(1) and Haw. Rev. Stat. § 706-662(4), respectively.[1]

---

[1] When Petitioner was convicted and sentenced, Hawaii's extended sentencing statute required a sentencing court to conduct a two-step process. First, the court must determine whether the defendant was within the "class of offenders to which the particular subsection applies." State v. Schroeder, 76 Hawaii 517, 527, 880 P.2d 192, 202 (1994). Examples of "class of offenders" include a "persistent offender" or "multiple offender." Haw. Rev. Stat. Ann. § 706-662(1),(4) (West, Westlaw Current through 2005 Legislation). Next, the court must determine whether an extended sentence is necessary for the protection of the public.
(continued...)

The trial court agreed with the State and found that Petitioner was a persistent and multiple offender.  The court also held that an extended sentence of ten years for each count was "necessary for the protection of the public" for the following reasons:

> 1. [Petitioner] was on parole in Cr. No. 94-0047 when he committed the instant offenses.  [Petitioner] was to be on parole in Cr. No. 94-0047 until January 29, 2004.  [Petitioner] was granted early release on April 25, 2002, despite the fact that he had committed the offenses in the instant matter on March 13, 2002 (Count I), April 3, 2002 (Count II), April 24, 2002 (Count III), and March 13, 2002 to and including April 29, 2002 (Count IV).
>
> 2. [Petitioner] has an extensive criminal history;
>
> 3. [Petitioner's] criminality has continued despite his prior contacts with the criminal justice system;
>
> 4. [Petitioner] has failed to benefit from the criminal justice system;
>
> 5. [Petitioner] has demonstrated a total disregard for the rights of others and a poor attitude toward the law;
>
> 6. [Petitioner] has demonstrated a pattern of criminality which indicates that he is likely to be a recidivist in that he cannot conform his behavior to the requirements of the law; and

─────────────────

(...continued)
Schroeder, 76 Hawai'i at 528, 880 P.2d at 203.

7. Due to the quantity and seriousness of the
[Petitioner's] past convictions and the quantity and
seriousness of the instant offenses, [Petitioner] poses a
serious threat to the community and his long term
incarceration is necessary for the protection of the public.

(Resp't's Ans. App. E.)

Petitioner directly appealed his conviction and sentence to the ICA arguing

that the trial court's decision to extend the terms of his sentence violated his right

to a jury pursuant to Apprendi.  On March 21, 2005, the ICA by Summary

Disposition Order denied Petitioner's appeal and on April 18, 2005, the Hawaii

Supreme Court denied certiorari.  Petitioner did not seek certiorari from the United

States Supreme Court.

On April 18, 2006, Petitioner filed the instant Petition raising one ground for

relief:

Imposition of extended-term sentences violated the Sixth
Amendment's trial-by-jury clause (as incorporated in and made
applicable to the states by the Fourteenth Amendment's due process
clause), pursuant to the rational of Apprendi v. New Jersey, 530 U.S.
466 (2000), and its progeny.  See also Kaua v. Frank, 436 F.3d 1057
(9th Cir. 2006).

(See Pet. at 5.)

**DISCUSSION**

4

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

28 U.S.C. § 2254(d) ("Section 2254(d)"):

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State
> Court shall not be granted with respect to any claim that
> was adjudicated on the merits in State Court proceedings
> unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established
> Federal Law, as determined by the Supreme Court of the
> United States; or
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  For purposes of Section 2254(d)(1), "clearly established

Federal law" is the governing law set forth by the Supreme Court at the time the

state court renders its decision.  Lockyer v. Andrade, 538 U.S. 63, 71 (2003).  A

state court decision is "contrary to" clearly established Federal law "if it fails to

apply the correct controlling authority, or if it applies the controlling authority to a

case involving facts materially indistinguishable from those in a controlling case,

but nonetheless reaches a different result."  Clark v. Murphy, 331 F.3d 1062, 1067

(9th Cir. 2003).

Under the "unreasonable application" clause, a court may grant habeas relief

when "the state court identifies the correct governing legal rule from a [Supreme

Court] case, but unreasonably applies it to the facts of the particular case," or when "the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 407 (2000). In addition, the "unreasonable application" clause requires the state court decision to be "objectively unreasonable" rather than merely "incorrect or erroneous." Lockyer, 538 U.S. at 75.

In his Petition, Kamana'o argues that the state court violated his right to trial by jury under the Sixth Amendment as enunciated by Apprendi, 530 U.S. 466. Petitioner argues that the Hawaii courts' decisions to impose and affirm his extended term sentences were both contrary to and an unreasonable application of Apprendi. Petitioner adds that the Ninth Circuit's decision in Kaua v. Frank, 436 F.3d 1057 (9th Cir. 2006) is binding on this Court and requires the Court to grant his Petition.[2]

Respondents contend that Petitioner's basis to seek habeas corpus relief is erroneous. Respondents explain that Hawaii's sentencing law, as it existed at the time Petitioner was sentenced, complied with Apprendi because the Hawaii Supreme Court has interpreted Hawaii law and held that prior convictions are the

---

[2] Kaua affirmed United States District Judge Mollway's decision in Kaua v. Frank, 350 F. Supp. 2d 848 (D. Haw. 2004).

6

sole determining factor to extend terms of imprisonment under Haw. Rev. Stat. § 770-662.  See State v. Rivera, 106 Hawaii 146, 102 P.3d 1044 (2004). Respondents argue that the trial court's use of Haw. Rev. Stat. § 770-662(1), (4) to extend Petitioner's sentence was not contrary to and did not involve "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

Respondents' are incorrect.  This Court finds that prior convictions are not the sole determining factor to extend terms of imprisonment under Haw. Rev. Stat. § 770-622.  The Ninth Circuit conclusively rejected this same argument in Kaua.

In Kaua, the Ninth Circuit held that Haw. Rev. Stat. § 706-662, Hawaii's extended sentencing statute, violates Apprendi because it allows a judge to make the factual finding that a convicted person's incarceration is necessary for the protection of the public, thereby allowing for an increased sentence beyond the range justified by the jury's determination of guilt.  See Kaua, 436 F.3d at 1062. According to the Ninth Circuit, such a determination by a judge is contrary to clearly established federal law as determined by the Supreme Court. Id.

The facts of Kaua are indistinguishable from the present case.  Kaua had received an extended sentence pursuant to Haw. Rev. Stat. § 706-662(4).  In determining Kaua's sentence, the sentencing judge conducted a two-step process.

7

See Kaua, 436 F.3d at 1059.  First, the court found that Kaua was considered a

"multiple offender" pursuant to Haw. Rev. Stat. § 706-662(a).  Id.  Second, the

court determined that the imposition of an extended sentence was necessary for the

protection of the public.  Id.

In determining Kaua's sentence, the sentencing judge found a number of

specific facts which led to her determination that an extended sentence was

necessary for the protection of the public.  Those facts included, "Kaua's history of

substance abuse; his abuse of drugs shortly before the hostage standoff; his history

of assaultive behavior; his inability to control his behavior while under the

influence or while under stress; his access to firearms; his lack of experience using

the weapon with which he perpetrated the standoff; and the strong possibility that

he could have injured minors and innocent bystanders because of his

inexperience."  Kaua, 436 F.3d at 1059.  After making these findings, the

sentencing judge imposed an extended sentence.

Here, the trial court first found that Petitioner was a persistent and a multiple

offender.  The court, in accordance with Hawaii law, made a protection of the

public finding.  This finding required the sentencing judge to find facts outside of

the facts found by the jury which exposes the defendant to an increased sentence.

Id. at 1061 (citing State v. Kaua, 72 P.3d 473, 484-85, 102 Hawaii 1, 12-13

8

(2003)).  Indeed, the findings included non-conviction related facts such as "[Petitioner] has demonstrated a total disregard for the rights of others and a poor attitude toward the law" and a general statement that "[d]ue to the quantity and seriousness of the [Petitioner's] past convictions and the quantity and seriousness of the instant offenses, [Petitioner] poses a serious threat to the community and his long term incarceration is necessary for the protection of the public.  (Resp't's Ans. App. E.)

The Ninth Circuit's decision in <u>Kaua</u>, 436 F.3d 1057 is directly on point and provides the controlling rule of law in this case.  The sentencing judge in Petitioner's case improperly made a protection of the public finding without the facts underlying her finding being presented to a jury.  Consequently, the Court finds that Petitioner's extended-term sentence violates clearly established federal law as articulated in <u>Apprendi</u>.  Because the sentencing court's protection of public finding had the effect of increasing Petitioner's sentence above the jury's guilty verdict, this finding should have been made by the jury to extend Petitioner's sentence pursuant to <u>Apprendi</u>.  Accordingly, the Court FINDS that the Petitioner's extended term sentence violates clearly established law and RECOMMENDS that the Petition be GRANTED.

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that the Petition be GRANTED, Petitioner's sentence be vacated, and that the case be remanded to the State of Hawaii for resentencing in accordance with this Order.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: September 6, 2006

QUINTIN JOHN D'AGIRBAUD V. MARK J. BENNETT, ET AL.; CV. NO. 06-00205 HG-BMK; AMENDED FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS