IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| QUINTIN JOHN D'AGIRBAUD,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>MARK J. BENNETT, Attorney<br>　　General, State of Hawaii,<br>JAMES PROPOTNICK, Acting<br>　　Director, Department of<br>　　Public Safety, State of<br>　　Hawaii, and<br>CLAYTON FRANK, Warden, Halawa<br>　　Correctional Facility,<br><br>　　　　Respondents. | Civ. No. 06-00205 HG-BMK |

**ORDER ADOPTING, AS MODIFIED AND SUPPLEMENTED, THE AMENDED FINDINGS AND RECOMMENDATION THAT PETITIONER'S 28 U.S.C. § 2254 PETITION BE GRANTED
AND
GRANTING PETITIONER'S 28 U.S.C. § 2254 PETITION**

This matter is before the Court for ruling on Objections to the Magistrate Judge's September 6, 2006 Amended Findings and Recommendation granting Petitioner, Quintin John D'Agirbaud's, 28 U.S.C. § 2254 petition.

Petitioner contends that he is entitled to habeas relief because the imposition of an extended-term sentence pursuant to the pre-2006 version of Hawaii Revised Statutes Section 706-662 violated Apprendi v. New Jersey, 530 U.S. 466 (2000) because a judge, rather than a jury made factual findings, other than the

1

fact of a prior conviction, to support the necessary for the protection of the public determination.

After review of all filings, the Amended Findings and Recommendation, and the Objections thereto, the Court **ADOPTS**, as modified and supplemented, the Amended Findings and Recommendation.

The Court **GRANTS** Petitioner habeas relief pursuant to Section 2254.

## BACKGROUND

The Magistrate Judge's Amended Findings and Recommendation details the relevant background which the Court incorporates by reference and adopts.

## PROCEDURE

On April 18, 2006, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

On May 11, 2006, Respondents; Mark J. Bennett, Attorney General; James Propotnick, Acting Director and Deputy Director for Corrections[1]; and Clayton Frank, Warden, Halawa Correctional Facility ("Respondents") filed their First Motion for Extension of Time to File an Answer  (Doc. 9-10).

On May 12, 2006, the Magistrate Judge granted Respondents' Motion to Extend Time to File an Answer, giving Respondents

---

[1]  Acting Director James Propotnick is automatically substituted for Frank J. Lopez, the Respondent at the time, pursuant to Fed. R. Civ. Proced. 25(d)(1).

until July 7, 2006 to file an answer (Doc. 11).

On July 6, 2006, Respondents filed their Answer (Doc. 14).

On July 7, 2006, the Magistrate Judge extended Petitioner's reply deadline from July 8, 2006 to August 7, 2006 (Doc. 15).

On July 20, 2006, Petitioner filed his Reply to the Respondents' Answer (Doc. 17).

On August 16, 2006, the Magistrate Judge issued a Findings and Recommendation ("August 16, 2006 F & R"), recommending that Petitioner's 28 U.S.C. § 2254 petition be granted (Doc. 18).

On August 22, 2006, Petitioner filed Objections to the August 16, 2006 F & R (Doc. 19).

On September 6, 2006, in response to the objections filed by Petitioner to the August 16, 2006 F & R, the Magistrate Judge issued an Amended Findings and Recommendation ("Amended F & R")(Doc. 24).

On September 8, 2006, Respondents filed Objections to the Amended F & R (Doc. 25).

On September 14, 2006, Petitioner filed a Response to the Respondents' Objections to the Amended F & R (Doc. 26).

On January 22, 2007, February 21, 2007, and April 11, 2007, Petitioner filed memorandums noting supplemental authority in support of his Petition (Docs. 28-30).

## STANDARD OF REVIEW

A magistrate judge may be assigned to prepare findings and

recommendations for a district judge on a pretrial matter that is dispositive of a claim. Fed. R. Civ. P. 72(b). If a party to the proceedings objects to the magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions. Raddatz, 447 U.S. at 673-74.

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## LEGAL STANDARD

### I.   Section 2254

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to a state court conviction is not entitled to federal habeas corpus relief unless he can show that the state court's adjudication of a claim:

>    (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### A.   *"Contrary To"* **Clearly Established Federal Law**

The United States Supreme Court has interpreted the phrase "clearly established Federal law" to mean "the holdings, as opposed to the dicta of the Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000).  A state court's decision is "contrary to" clearly established law pursuant to 28 U.S.C. § 2254(d)(1) if it "applies a rule that contradicts the governing law" set forth in United States Supreme Court cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme Court] and nevertheless arrives at a result different from [that] precedent." Id. at 405-06.

### B.   *"Unreasonable Application"* **of Clearly Established Federal Law**

A state court's decision is an "unreasonable application" of clearly established federal law pursuant to 28 U.S.C. § 2254(d)(1) if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.  To be an

5

"unreasonable application" pursuant to 28 U.S.C. § 2254(d)(1), the state court decision must be more than just incorrect or erroneous. Lockyer v. Andrade, 538 U.S. 63, 75 (2003). The state court's application of federal law must be "objectively unreasonable." Id.; see Williams, 529 U.S. at 409.

## ANALYSIS

In Apprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Petitioner's case is one of many Apprendi challenges to Hawaii's extended-term sentencing scheme, Hawaii Revised Statutes §§ 706-661, 706-662, and 706-664 (Supp. 2001), in effect prior to 2006.

Hawaii's sentencing scheme required a two step process: (1) first, involving a finding by the court that the defendant is within the class of offenders to which the particular subsection applies, and (2) second, requiring the court to find that the imposition of an extended-term sentence is necessary for the protection of the public. See Kaua v. Frank, 436 F.3d 1057, 1060-61 (9th Cir. 2006) ("Kaua III"). The Ninth Circuit Court of Appeals in Kaua III, held that Hawaii's pre-2006 extended-term sentencing scheme violated Apprendi because it allowed the sentencing judge to extend the defendant's sentence based upon

findings of facts other than facts of prior conviction.

Recently, in Cunningham v. California, 127 S.Ct. 856 (2007), the United States Supreme Court held that a similar sentencing scheme in California was unconstitutional under Apprendi because it allowed for judicial fact finding other than as to a defendant's prior conviction.  California's determinate sentencing law assigned to the trial judge, not to the jury, the authority to find facts that would expose the defendant to a sentence longer than that available based on the jury's findings. See Cal. Penal Code § 1170 (Determinate Sentencing) (2004).  The determinate sentencing scheme directed the sentencing judge to start with a middle term sentence "and move from that term only when the court itself finds and places on the record facts -- whether related to the offense or the offender-beyond the elements of the charged offense."  Cunningham, 127 S.Ct. at 862.

In Cunningham, the state court judge sentenced the defendant, convicted of continuous sexual abuse of a minor, to the upper sentencing term of 16 years.  The state court judge based the upper sentencing term upon his finding, by a preponderance of the evidence, six aggravating circumstances, including the vulnerability of the victim, and defendant's violent conduct, which indicated a serious danger to the community.  Cunningham, 127 S.Ct. at 860-61.  The judge's imposition of an increased sentence was based on facts, other

than a prior conviction, not found by a jury.

Hawaii's pre-2006 extended-term sentencing scheme is similar to California's sentencing scheme found unconstitutional in Cunningham.  In imposing an extended-term sentence, Hawaii's scheme requires the sentencing judge to find the extended sentence necessary for protection of the public without the facts underlying the finding being found by a jury.  See Kaua III, 436 F.3d at 1061 (the Hawaii courts "never have characterized step two as anything other than the finding and evaluation of facts"). Such a scheme "violates Apprendi's bright-line rule: Except for a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." Cunningham, 127 S.Ct. at 868 (citing Apprendi, 530 U.S. at 490)).  "If the jury's verdict alone does not authorize the sentence, if, instead, the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied." Cunningham, 127 S.Ct. at 869 (citing Blakely v. Washington, 542 U.S. 296, 305 n. 8 (2004) (sentencing scheme in which judge sentenced defendant above standard range based on judge's finding of the additional fact of deliberate cruelty violated the Sixth Amendment).

The United States Supreme Court recently granted certiorari in a Hawaii extended-term sentencing case in which the court applied Hawaii's pre-2006 sentencing scheme and sentenced the

8

defendant to an extended sentence. Maugaotega v. Hawaii, 127 S.Ct. 1210 (Feb. 20, 2007). The Respondents' arguments in this case track the reasoning of the Hawaii Supreme Court in Maugaotega. The United States Supreme Court vacated the judgment in Maugaotega and remanded it to the Hawaii Supreme Court for further consideration in light of Cunningham. In light of such clear directives, Respondents can no longer maintain that enhanced sentences imposed pursuant to the state's pre-2006 extended-term sentencing scheme do not violate Apprendi.

**I.    Respondents' Objection**

Respondents object to the Magistrate Judge's Amended F & R. Respondents contend that Petitioner's sentence does not implicate or violate the rule of Apprendi.

### A.    Petitioner's Extended-Term Sentence Is Contrary to Clearly Established Federal Law as Determined by the United States Supreme Court

Respondents contend that the Magistrate Judge erred by disregarding "the applicable and controlling federal precedent that holds that a state's highest court's interpretation of state law is dispositive." (Resp. Obj. at 16.) Respondents argue that the Ninth Circuit Court of Appeals decision in Kaua III is not binding on the Court and is distinguishable from the issues involved in the petition herein.

#### 1.    Federal district courts are bound by clearly established federal law

Respondents argue that the Hawaii Supreme Court's decision

9

in State of Hawaii v. Rivera, 102 P.3d 1044 (Haw. 2004) is controlling authority. Based on Rivera, Respondents contend that Hawaii's sentencing scheme does not violate Apprendi.

The Amended F & R considered Rivera, but in determining that Petitioner's sentence was contrary to clearly established federal law, correctly relied on the Ninth Circuit Court of Appeals' decision in Kaua III. (Amended F & R at 6-9.)

As discussed in the F & R, in Kaua III, the Ninth Circuit Court of Appeals rejected the very argument Respondents raise in this case. The Ninth Circuit Court of Appeals held that Hawaii's pre-2006 extended-term sentencing scheme required a *two-step* process before imposition of an extended sentence. See Kaua III, 436 F.3d at 1060-61, citing State v. Okumura, 894 P.2d 80, 109 (1995); State v. Schroeder, 880 P.2d 192, 202 (1994). In the second step, the sentencing judge must make a finding that the extended sentence is necessary for the protection of the public. The finding required the sentencing judge to find facts outside of those found by the jury in violation of Apprendi in order to expose the defendant to an extended sentence. See Kaua III, 436 F.3d at 1060-61. In Kaua III, the Ninth Circuit Court of Appeals held that the defendant had the right under the Sixth Amendment as articulated in Apprendi to have a jury make the "necessary for protection of the public" finding.

The United States Supreme Court in Cunningham v. California,

– U.S. –, 127 S.Ct. 856 (2007) expressly rejected Respondents' argument that federal courts should follow state court decisions even where the state court decisions are directly contrary to clearly established federal law. The State of Hawaii, as *amicus* in Cunningham, argued, as the Respondents do in this case, that the decisions of the highest state court regarding their interpretation of the sentencing scheme are entitled to deference.

In Cunningham, the United States Supreme Court addressed the import of a California state court decision, People v. Black, 113 P.3d 534, 543-48 (Cal. 2005). In Black, the California Supreme Court justified the state's sentencing scheme. The United States Supreme Court rejected the argument that federal district courts are bound to follow decisions of the state court where the state court's interpretation of federal constitutional law is contrary to Supreme Court precedent:

> Respondent and its *amici* argue that whatever this Court makes of California's sentencing law, the *Black* court's "construction" of that law as consistent with the Sixth Amendment is authoritative. Brief for Respondent 6, 18, 33; Brief for Hawaii et al. as Amici Curiae 17, 29. We disagree. The Black court did not modify California law so as to align it with this Court's Sixth Amendment precedent. See 35 Cal.4th, at 1273, 29 Cal.Rptr.3d 740, 113 P.3d, at 555-556 (Kennard, J., concurring and dissenting). Rather, it construed this Court's decisions in an endeavor to render them consistent with California law. The Black court's interpretation of federal constitutional law plainly does not qualify for this Court's deference.

Cunningham, 127 S.Ct. at 871.

11

As the United States Supreme Court made clear in Cunningham, the Court is not bound by the Hawaii court's interpretation. The Court follows clearly established federal law as articulated by the Ninth Circuit Court of Appeals in Kaua III.

### 2. Rivera did not overrule prior Hawaii state court case law applying the two-step process

Even if Rivera were controlling authority, it is not clear that the decision, as Respondents contend, eliminated the requirement that the sentencing judge must make the necessary for the protection of the public finding to impose the enhanced sentence. The Amended F & R addressed this issue and rejected the argument based on the Ninth Circuit Court of Appeals' conclusive rejection of the same argument in Kaua III. (Amended F & R at 6-7.)

Respondents read Rivera as overruling prior Hawaii state court case law mandating the two-step finding. The argument was rejected by the United States District Court of the District of Hawaii in Kamanoa'o v. Peyton, 2006 WL 1775869 *4-6 (D. Haw. 2006.) As the court in Kamanoa'o stated, "it is not at all clear that Rivera . . . is an overruling of prior Hawaii ... rulings." Id. at *5. Rivera in fact expressly reaffirmed its prior decisions requiring the sentencing judge to make a necessary for the protection of the public finding. 102 P.3d at 1058; see id. at *6. There is no language in Rivera overruling its earlier decisions requiring the sentencing judge to make the two-step

finding.  See Okumura, 894 P.2d at 109 Schroeder, 880 P.2d at 202; State of Hawaii v. Huelsman, 588 P.2d 394, 398 (Haw. 1978). Rather, "maintaining the viability of the earlier rulings is obviously inconsistent with overruling them." Kamana'o, 2006 WL 1775869 at *6.  Just as the Kamana'o court found, this Court likewise finds Respondents' argument unavailing.  Id. at *4-6.

The Hawaii Supreme Court's reliance on Rivera in affirming Petitioner's sentence also did not constitute an adequate and independent state ground upon which the decision was based.  See generally Coleman v. Thompson, 501 U.S. 722, 729 (1991) (court will not review question of federal law decided by state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment).

### 3. The circuit court imposed an extended-term sentence based on findings of fact other than the fact of a prior conviction

The Court agrees with the Magistrate Judge that the sentencing judge relied on facts not submitted to the jury in imposing an extended-term sentence.  Regardless of whether the Hawaii Supreme Court in Rivera interpreted the extended-term sentencing statute as not requiring a two-step process, the sentencing judge in this case applied the two-step process to impose Petitioner's extended-term sentence.  The sentencing judge's finding of facts to make the determination that an

13

extended-term sentence was necessary for the protection of the public is a finding of fact other than a prior conviction and should have been made by a jury.

It was an unreasonable application of clearly established federal law, as set forth in Apprendi, for the sentencing judge to impose an extended-term sentence on Petitioner based on factual findings not submitted to the jury.  The findings made by the sentencing judge involved facts beyond Petitioner's prior conviction such that the sentencing judge applied Hawaii's extended-term sentencing scheme to Petitioner in an unconstitutional manner.

**II.  Harmless Error**

Where a court imposes a sentence beyond the statutory maximum, the government has the burden of showing that the error was harmless beyond a reasonable doubt." Stokes v. Schriro, 465 F.3d 397, 404 (9th Cir. 2006) (applying harmless error standard to Apprendi violation)(citing United States v. Banuelos, 322 F.3d 700, 706 and n. 4 (9th Cir. 2003).

In this case, the Respondents did not argue, much less make a showing, that the Apprendi error in Petitioner's sentence was harmless beyond a reasonable doubt.  Respondents have failed to carry their burden.

**III. Modifications to the Amended F & R**

In accordance with the foregoing, the Amended F & R is

ADOPTED, as supplemented herein, as the opinion and order of this Court, with the following modifications:

1. On page 6, first full paragraph, "In his Petition, Kamana'o argues", is replaced with, "In his Petition, D'Agirbaud argues".

### **CONCLUSION**

The Court **ADOPTS** the Amended Findings and Recommendation to Grant Petition for Writ of Habeas Corpus, dated September 6, 2006, modifying it and supplementing it as set forth above. Petitioner's Section 2254 Petition is **GRANTED**. The State of Hawaii is ordered to resentence Petitioner in a manner consistent with this Order.

The Clerk of Court is **DIRECTED** to enter judgment in Petitioner's favor and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 16, 2007.



/S/ Helen Gillmor

Helen Gillmor
Chief United States District Judge

---

Civil No. 06-00205 HG-BMK; D'Agirbaud v. Bennett, et al.; ORDER ADOPTING AND SUPPLEMENTING AMENDED FINDINGS AND RECOMMENDATION THAT PETITIONER'S 28 U.S.C. § 2254 PETITION BE GRANTED AND GRANTING PETITIONER'S 28 U.S.C. § 2254 PETITION